UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:17-CV-433-CHL

**RILEY TAYLOR, JR.,**                                                                    **Plaintiff,**

v.

**NANCY A. BERRYHILL, DEPUTY
COMMISSIONER OF SOCIAL SECURITY,**                       **Defendant.**

## Memorandum Opinion & Order

Claimant Riley Taylor, Jr. has filed this lawsuit challenging the Social Security Commissioner's denial of his request for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The parties have voluntarily consented to the undersigned Magistrate Judge's jurisdiction over all proceedings in this case, including entry of judgment. (DN 14.) For the reasons below, the Commissioner's final decision is **AFFIRMED**.

## I. Background

Taylor applied for DIB and SSI on October 17, 2013, claiming a disability onset date of April 1, 2012. (DN 12-5, PageID # 258.) The Commissioner denied his application initially and again upon reconsideration. (DN 12-2, PageID # 147, 156, 169, 178.) Taylor then appeared before Administrative Law Judge Daniel A. Traver (the "ALJ") for a hearing on May 3, 2016. (DN 12-2, PageID # 94.) On May 18, 2016, the ALJ also found that Taylor was not disabled. (PageID # 73.) In his written opinion, the ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2015.
>
> 2. The claimant has not engaged in substantial gainful activity since April 1, 2012, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. The claimant has the following severe impairment: Degenerative Disc Disease of the Lumbar Spine Status Post Remote Laminectomy at L4-5 (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. . . . [T]he claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a), except the claimant is able to perform standing or walking for two hours in an eight-hour work day and sitting for six hours in an eight-hour work day subject to allowance of an option to change positions between sitting and standing for thirty minutes at thirty minute intervals; the claimant is never able to climb ladders, ropes or scaffolds or perform work involving the use of vibratory tools; and the claimant's work should be simple and repetitive, taught by demonstration, and without great variation from day to day.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on April 5, 1971 and was 40 years old, which is defined as a younger individual age 18–44, on the alleged disability onset date. The claimant subsequently changed age category to a younger individual age 45–49 (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical–Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from April 1, 2012 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(PageID # 78–89.) The Appeals Council denied Taylor's request for review on May 15, 2017. (PageID # 51.) The ALJ's decision therefore is the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 422.210(a). Taylor initiated this action on July 19, 2017. (DN 1.) The parties have filed their fact and law summaries. (DNs 16, 21.)

## II. Standard of Review

The Social Security Act, 42 U.S.C. § 301 *et seq.*, authorizes payment of DIB and SSI to certain disabled individuals. 42 U.S.C. §§ 423(a), 1381a. The Commissioner is responsible for making regulations that carry out the Act's provisions and determining whether claimants are entitled to benefits. 42 U.S.C. § 405(a)–(b). Accordingly, the Commissioner has promulgated a sequential five-step process for evaluating disability claims. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

Where, as here, a claimant alleges that the Commissioner committed error in the evaluation process, the court may only ask whether the Commissioner followed the regulations properly. 42 U.S.C. § 405(g). This generally requires determining whether the Commissioner's findings of fact are "supported by substantial evidence." *Id.* However, any "failure to follow agency rules and regulations" can warrant reversal or remand, even if the record could justify the Commissioner's conclusion. *See Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011). In short, "[t]his court's review of the Commissioner's decision is limited to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards." *Cf. Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

"Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013). It can exist "even if substantial evidence would also have supported the opposite conclusion." *Id.* In fact, the court "may not even inquire whether the record could support a decision the other way." *Smith v. Secretary of Health and Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1994). Therefore, "it is not necessary that this court agree with the Commissioner's finding,

as long as it is substantially supported in the record." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

### III. Analysis

Taylor argues that the ALJ's findings at steps four and five of the Commissioner's evaluation process were not supported by substantial evidence. (DN 16-1, PageID # 551, 554.)

A. <u>The ALJ's Determination at Step Four</u>

At step four, the ALJ determines a claimant's residual functional capacity ("RFC"), or "remaining capacity for work once her limitations have been taken into account." *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 632 (6th Cir. 2004) (internal quotation marks omitted); *accord.* 20 C.F.R. §§ 404.1545(a), 404.1546, 416.945(a), 416.946. To do so, the ALJ must consider medical source statements and all other evidence of record. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The claimant bears the burden of proof at this step. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

Here, the ALJ determined that Taylor was capable of "sedentary work." (DN 12-2, PageID # 81.) Taylor alleges three errors in that finding.

   *1. The Sufficiency of the Record*

Taylor first argues that "[t]he ALJ failed to fully and fairly develop the record." (DN 16-1, PageID # 552.) The Commissioner maintains that the ALJ made a proper determination upon an adequately-developed record. (DN 21, PageID # 580.)

It is the claimant's burden to provide a complete record throughout the administrative review process. *Landsaw v. Sec'y of Health & Human Servs.*, 803 F. 2d 211, 214 (6th Cir. 1986); *see also* 20 C.F.R. § 416.912(a) (2017).[1] The "ALJ has a duty to develop the record," *Cox v.*

---

[1] Regulations cited in this Order with a year parenthetical have been revised since the date of the ALJ's decision.

*Comm'r of Soc. Sec.*, 615 F. App'x 254, 262 (6th Cir. 2015) (citing *Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1051 (6th Cir. 1983)), but also "has discretion to determine whether additional evidence is necessary," *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 275 (6th Cir. 2010). If the record is insufficient to support a disability determination, the ALJ may choose to recontact medical sources, request additional existing records, ask the claimant to undergo a consultative examination, or ask the claimant or others for more information. 20 C.F.R. § 416.920b(c) (2017).

Whether the ALJ has adequately developed the record must be determined on a case-by-case basis. *Lashley*, 708 F.2d at 1052. The responsibility to do so is greater—and subsequent judicial review more scrupulous—if the claimant appeared *pro se* in his hearing before the ALJ. *Id.*; *see also Cox*, 615 F. App'x at 262.

Taylor has not identified any insufficiency of the record. He only suggests that the ALJ should have ordered consultative examinations or consulted a medical expert. (DN 16-1, PageID # 552.) While an ALJ may take those steps to bolster an insufficient record, he certainly is not required in all cases. *See* 20 C.F.R. § 416.920b(c) (2017). Furthermore, as the Commissioner notes (DN 21, PageID # 582), Taylor has not established why a second consultative examiner's opinion was necessary. The Sixth Circuit has "held on several occasions that an ALJ's duty to develop the record did not require the ALJ to order a consultative examination at all." *Cox*, 615 F. App'x 263 (listing cases). Finally, it is worth noting that Taylor appeared before the ALJ with counsel. (DN 12-2, PageID # 96.) Accordingly, no "special scrutiny" of the ALJ's development of the record is appropriate. *Lashley*, 708 F.2d at 1052; *see also Cox*, 615 F. App'x at 262 (Claimant "was represented by counsel . . . so the ALJ's duty was not heightened.").

In short, the ALJ did not abuse his discretion regarding the sufficiency of the record or violate the Commissioner's regulations regarding development of the record. The evidence of record was sufficient for the ALJ to make findings and determine whether Taylor was disabled. *See* 20 C.F.R. § 416.920b (2017).

2. *The ALJ's Consideration of the Medical Data*

In his evaluation of Taylor's RFC, the ALJ considered diagnostic imaging; reports and treatment notes from primary care providers and a specialist; the level and frequency of the treatment Taylor sought and received; the opinions of two non-examining reviewing state agency medical consultants; the opinion of a consultative medical examiner; Taylor's own testimony; Taylor's work history; and Taylor's lifestyle habits. (DN 12-2, PageID # 82–87.) The ALJ gave "little weight" the opinions of the non-examining consultants and found that "the evidence received at the hearing level support[ed] greater limitation." (DN 12-2, PageID # 86.) Likewise, the ALJ gave "limited weight" to the consultative medical examiner's opinion and found that limitations beyond his recommendation were appropriate. (PageID # 86.)

Taylor argues that the ALJ "improperly relied upon his own interpretation of . . . records to formulate the RFC," and that "the record is devoid of any medical opinion that supports" the ALJ's conclusion that Taylor "is capable of sedentary work." (DN 16-1, PageID # 553.) The Commissioner points out that the limitations identified by the ALJ exceed those suggested by all opinions of record. (DN 21, PageID # 579.)

The ALJ may not "play doctor" and make his own medical judgments. *Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 194 (6th Cir. 2009) (quoting *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir.1996)). However, the ALJ *must* weigh the quality of the medical opinions in the record— and their "reliance on objectively determinable symptoms and established science" is one factor

6

to consider while doing so. *Id.* (quoting *Underwood v. Elkay Min., Inc.*, 105 F.3d 946, 951 (4th Cir. 1997)); *accord.* 20 C.F.R. §§ 404.1527(c), 416.927(c).

Taylor acknowledges that the ALJ found "greater limitations" than the consultants whose opinions he rejected. (DN 16-1, PageID # 553.) In fact, as the ALJ himself noted, "no assessment or opinion" recommended "greater restrictions . . . or greater limitations" than his own RFC determination. (DN 12-2, PageID # 87.) When the ALJ's rejection of a medical opinion *benefits* the claimant's case, it does not constitute error. *Riley v. Berryhill*, No. 3:16CV-00776-DW, 2017 WL 3468556, at *3 (W.D. Ky. Aug. 11, 2017); *compare Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778, 787 (6th Cir. 2017), *cert. granted sub nom. Biestek v. Berryhill*, 138 S. Ct. 2677 (2018) (ALJ who "was even more restrictive" than agency-appointed expert did not commit error), *with Simpson*, 344 F. App'x at 194–95 (ALJ improperly discounted treating physician's opinion).

3. *The ALJ's Consideration of Taylor's Ability to Walk*

Taylor also argues that "the ALJ failed to assess [his] ability to stand and walk." (PageID # 554.) But the ALJ asked Taylor about his ability to stand and walk during the May 3, 2016 hearing (DN 12-2, PageID # 130–31), and Taylor's own testimony is reflected in the ALJ's RFC determination (DN 12-2, PageID # 81). As mentioned above, the ALJ also considered several relevant opinions and reports. (PageID # 82–86.)

In short, substantial evidence supported the ALJ's RFC determination. The Commissioner committed no error at step four. *See Rogers*, 486 F.3d at 241.

B. The ALJ's Determination at Step Five

At step five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether he "can make an adjustment to other work." 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If he can, he is not disabled. *Id.* At this step, it is the Commissioner's "burden

7

to establish the plaintiff's ability to work." *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 684 (6th Cir. 1992). "To meet this burden, there must be a finding supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs. Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only if the question accurately portrays [the claimant's] individual physical and mental impairments." *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987) (internal quotation marks and citations omitted).

Here, the ALJ found that Taylor was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (DN 12-2, PageID # 88–89.)

Taylor finally argues that, "[f]or the reasons argued *supra*," the ALJ's RFC determination rendered his hypothetical question for the vocational expert "incomplete" and his step five determination "inherently unsupported by substantial evidence." (DN 16-1, PageID # 555.)

Taylor's one-paragraph step five argument is essentially a rehash of his step four arguments. As discussed above, the ALJ did not err at step four. And to the extent that Taylor has made any unique argument regarding the ALJ's findings at step five, it is too perfunctory to warrant analysis. *See McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997).

\* \* \*

Accordingly, it is **ORDERED** that the Commissioner's final decision is **AFFIRMED**. This action is **DISMISSED** with prejudice. A final judgment will be entered separately.

cc: Counsel of record